## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PAMELA J. BROOKS,

    Plaintiff,

    v.

DANIEL J. LEVY, M.D., PA

    Defendant.

Civil Action No.:  SAG-20-741

## MEMORANDUM

On March 20, 2020, self-represented plaintiff Pamela J. Brooks filed the above-entitled complaint against her former employer as well as a motion to proceed in forma pauperis which the court now grants.

As noted, Ms. Brooks filed her complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Further, federal courts "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Title 28 U.S.C. § 1331 provides that a federal court may hear "all civil actions arising under the Constitution, laws, or treaties of the United States," commonly known as federal question jurisdiction.  28 U.S.C. § 1331.  For the court to retain federal question jurisdiction, the federal question must be a direct element in the plaintiff's claim and must be substantial and not plainly

frivolous.  *McLucas v. DeChamplain*, 421 U.S. 21, 28 (1975).  Where no federal question is presented, the Court may nonetheless retain diversity jurisdiction pursuant to 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and is between citizens of different States.

This court retains "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  To establish jurisdiction, the Court looks to those facts affirmatively alleged in the complaint.  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).  "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper."  *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  The party seeking to avail itself of this Court's jurisdiction bears the burden of proof.  *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Ms. Brooks' complaint is presented as a Title VII employment discrimination claim.  She attaches to the complaint a right to sue letter issued by the Equal Employment Opportunity Commission (EEOC).  ECF 1-2.  The letter indicates that Ms. Brooks' claim was dismissed because "the Respondent employs less than the required number of employees or is not otherwise covered by the statutes."  *Id*.  Thus, it appears Ms. Brooks may not invoke this court's federal question jurisdiction on the basis of a Title VII claim because the statute does not apply.[1]

---

[1]        Ms. Brooks does not indicate that she is challenging the EEOC's finding that Title VII does not apply to her former employer.

Ms. Brooks adds that her claim includes an allegation that her Fourteenth Amendment rights were violated by the alleged conduct of her employer.  ECF 1 at 4.  There is no allegation, however, that her former employer, Child &Teen Wellness Center, is a State agency or that its function qualifies as State action.[2]  In limited circumstances, seemingly private conduct can be the subject of a constitutional claim.

"[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen."  *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999) (citing *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993)).  "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state."  *Andrews*, 998 F.2d at 217.  A private medical practice, such as Ms. Brooks' former employer, does not fall within one of these four categories.

It is clear from the complaint that Ms. Brooks' former employer is not a State actor and Title VII does not apply.  Absent a basis for federal question or diversity[3] jurisdiction, this court lacks subject matter jurisdiction and the complaint must be dismissed.  *See* Fed. Rule. Civ. Proc. 12(b)(1).  Lack of subject matter jurisdiction may be raised by the court on its own initiative.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006).  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss

---

[2]       According to its website, https://www.ctwcmd.com/index.php, the Child and Teen Wellness Center is a pediatric medical care facility.

[3]       Both Ms. Brooks and the defendant are residents of Maryland, defeating any basis for diversity jurisdiction.

the action." *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).  At most, Ms. Brooks has raised a state law claim that may not be litigated in this court absent a basis for subject matter jurisdiction.

For these reasons, the complaint must be dismissed without prejudice for lack of jurisdiction.  A separate order follows.

_May 13, 2020_____                      _____/s/_____

Date                                  Stephanie A. Gallagher

                                     United States District Judge